# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES E. RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-3120 |
| | ) | |
| RANDY PFISTER[1], Acting Warden, | ) | |
| Pontiac Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on: (1) the Motion to Produce State Court Records (d/e 16) filed by Petitioner James E. Rodgers; (2) Petitioner's Motion for Sanctions (d/e 18); and (3) the Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Untimely (d/e 11) filed by Respondent, Randy Pfister, Acting Warden, Pontiac Correctional Center.

In the Motion to Dismiss, Respondent asserts that Petitioner's Petition (d/e 1) seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 3, 2011, is untimely. For the reasons set forth below, Petitioner's Motion to Produce

---

[1] Randy Pfister replaced Guy Pierce as the Acting Warden of Pontiac Correctional Center and is substituted as the proper Respondent in this matter. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 25(d) (substitution of parties); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

State Court Records (d/e 16) and Motion for Sanctions (d/e 18) are DENIED and Respondent's Motion to Dismiss (d/e 11) is GRANTED.

## I. BACKGROUND

A. State Court Proceedings

In 1996, Petitioner was found guilty of first degree murder and concealment of a homicidal death and sentenced to natural life in prison. The charges stemmed from the 1995 murder of Melissa Osman by Petitioner and his friend, Christopher Connery. Osman was stabbed approximately 32 times.

Petitioner appealed his conviction and sentence, and the state appellate court affirmed. See People v. Rodgers, No. 3-96-0765 (November 19, 1997). On April 1, 1998, the Illinois Supreme Court denied Petitioner's petition for leave to appeal (PLA). People v. Rodgers, 177 Ill. 2d 582 (April 1, 1998) (Table). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On September 24, 1998[2], Petitioner filed a pro se postconviction petition and later an amended petition. See Kankakee County Case No. 95-CF-439. On March

---

[2] Although the postconviction petition was not file-stamped until September 30, 1998, Illinois ordinarily extends the "mailbox rule" to pro se postconviction petitions. See People v. Saunders, 261 Ill. App. 3d 700, 703 (1994) (postconviction petition was timely filed as of date of mailing where accompanied by a verified proof of service and affidavit). Petitioner's notarized Notice of Filing reflected he mailed the postconviction petition on September 24, 1998. Therefore, this Court affords Petitioner the benefit of the doubt of the earlier date. See United States ex rel. Freeman v. Hulick, 2010 WL 1541637, at *1 n. 2 (N.D. Ill. 2010).

29, 2001, the trial court denied Petitioner an evidentiary hearing and granted the

State's motion to dismiss.  The state appellate court affirmed on October 29, 2003.

People v.  Rodgers, No. 3-01-0314 (October 29, 2003).  On January 28, 2004, the

Illinois Supreme Court denied Petitioner's PLA.  People v. Rodgers, 207 Ill. 2d

624 (January 28, 2004) (Table).

On February 6, 2004, Petitioner filed a document titled Second Petition for

Post-Conviction Relief.  See People v. Rodgers, Kankakee County Case No. 95-

CF-439.  Initially, neither the trial court nor the State recognized that the petition

was a successive petition filed without leave.  A little over a month earlier, the

Illinois General Assembly had changed the law relating to successive

postconviction petitions to require that a petitioner obtain leave of court to file a

successive postconviction petition.  See 725 ILCS 5/122-1(f) (providing that only

one postconviction petition may be filed without leave of court; leave of court to

file a successive petition may be granted where the petitioner demonstrates cause

for his failure to bring the claim in the initial postconviction proceedings and

prejudice resulting from that failure); Pub. Act. 93-493, § 5, eff. January 1, 2004;

see also United States ex rel. Laughlin v. Gaetz, 2011 WL 336143 (N.D. Ill. 2011).


On June 4, 2004, the trial court appointed the public defender to represent

Petitioner.  At a status hearing on June 21, 2004, the court gave Petitioner until

August 2, 2004, to file any amendments to the petition.  Thereafter, the case was

delayed due to "a conflict of counsel issue."  See July 27, 2005, Order in Kankakee

County Case No. 95-CR0439.  On April 7, 2005, Petitioner filed an amended

petition.

On April 22, 2005, the State indicated at a hearing that the State would file a

Motion to Strike the filing of the successive petition.  On May 18, 2005, the State

filed the Motion to Strike, asserting that Petitioner did not seek leave of court to

file the successive petition and that Petitioner could not demonstrate the necessary

cause and prejudice that would entitle him to obtain leave to file a successive

petition.

Petitioner objected to the State's Motion to Strike, noting that the trial court

had appointed counsel, allowed the petition to proceed to the second stage of

postconviction proceedings by allowing 90 days to elapse after filing[3], and allowed

Petitioner to amend his pleading.  Petitioner further asserted that the State waived

---

[3] See 725 ILCS 5/122-2.1 (providing that a trial court must, within 90 days of the filing
and docketing of the postconviction petition, review the petition and either summarily dismiss it
or docket it for further consideration); but see People v. LaPointe, 227 Ill. 2d 39, 44 (2007)
(finding section 122-2.1 does not apply to successive postconviction petitions; because section
122-1(f) "expressly conditions leave to file on the petitioner's satisfaction of the cause-and-
prejudice test, a second or successive petition cannot be considered filed despite its having been
previously accepted by the clerk's office").

its right to seek dismissal of the successive postconviction petition. Petitioner also argued he could demonstrate cause for his failure to bring the claims earlier and prejudice for each claim. Finally, Petitioner argued that denying his successive petition and amended petitions on procedural grounds would result in a fundamental miscarriage of justice.

On July 27, 2005, the trial court found Petitioner did not show cause and prejudice as required by section 122-1(f) of the Illinois Post-Conviction Hearing Act. Therefore, the court denied Petitioner leave to file the successive petition and struck the petition he had filed. The trial court further found that the court did not obviate Petitioner's need to comply with section 122-1(f) when it appointed counsel or granted Petitioner leave to file an amended petition.

On August 26, 2005, Petitioner filed, among other motions, a motion to reconsider and a motion for leave to file an amended second petition for postconviction relief. On March 17, 2008, the trial court ruled on Petitioner's motions.

Neither Respondent nor Petitioner give any reason for the delay between Petitioner filing the motions in August 2005 and the trial court ruling on the motions in March 2008. However, the trial court's March 17, 2008, order reflects that: (1) in July 2006, Petitioner filed a Second Amended Petition for Post-

Conviction Relief; (2) in April 2007, the State responded to Petitioner's motions; (3) in March 2007, Petitioner filed another motion for leave to file a successive postconviction petition; (4) further briefing occurred between April 2007 and February 2008; and (5) oral argument was conducted in February 2008. The order also reflects that delay occurred because of assignment of conflicted counsel to Petitioner, reassignment to another attorney, and reassignment of the file to another judge.

In the March 17, 2008, order, the trial court denied the motion to reconsider the July 2005 order and the motion for leave to file a second or third successive petition. <u>See</u> March 17, 2008, Order in Kankakee County Case No. 95-CF-439. Petitioner appealed, and on March 8, 2010, the appellate court affirmed. The appellate court found that the trial court properly denied Petitioner leave to file his successive petition, and the appellate court allowed the State Appellate Defender to withdraw as counsel for Petitioner. <u>People v. Rodgers</u>, No. 3-08-302 (March 8, 2010). On September 29, 2010, the Illinois Supreme Court denied Petitioner's PLA. <u>People v. Rodgers</u>, 237 Ill. 2d 582 (Table).

B.  Federal Court Proceedings

On May 3, 2011, Petitioner filed his Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner made the following claims: (1) trial

counsel was ineffective for failing to investigate and present evidence related to stab wound analysis; (2) trial counsel was ineffective for failing to investigate and present evidence related to blood spatter and bloodstain analysis; (3) trial counsel was ineffective for failing to investigate and present evidence related to the" poetry evidence[4]"; and (4) prosecutorial misconduct occurred when the prosecutor knowingly and intentionally used false evidence in the form of Dr. Sappala's opinion that two knives were used to kill the victim. Petitioner had raised issues relating to the "poetry evidence" on direct appeal. The trial courts' orders addressing Petitioner's initial postconviction petition and attempts to file successive postconviction petitions indicate Petitioner raised or tried to raise issues relating to stab wound analysis, Dr. Sappala's testimony, and blood splatter evidence.

In his Petition, Petitioner also asserted that the one-year statute of limitations contained in §2244(d) did not bar his Petition because equitable tolling should apply. Petitioner alleged that his conviction resulted from a miscarriage of justice and he is actually innocent. He further alleged that the evidence to substantiate his claims has only been recently discovered and that he made reasonable efforts to

---

[4] At trial, the State introduced into evidence to poems found in Petitioner's notebook which contained images of violence and death, speak of murder committed at night, and speak of an innocent victim being killed. See People v. Rodgers, No. 3-96-0765, at 4 (unpublished order pursuant to Supreme Court Rule 23).

present the claims to the State courts under a miscarriage of justice exception.

On May 20, 2011, this Court reviewed the Petition and found that summary dismissal was not warranted. This Court directed the Attorney General for the State of Illinois to file an answer.

On July 5, 2011, Respondent filed a Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Untimely. Petitioner filed a response asserting that equitable tolling should apply to extend the limitation period and that Respondent has waived other procedural defenses due to Respondent's noncompliance with this Court's order that Respondent file an answer.

Also on July 5, 2011, Petitioner filed a Motion to Produce. This Court will address the Motion to Produce before addressing the Motion to Dismiss.

## II.  MOTION TO PRODUCE

In his Motion to Produce, Petitioner requests that Respondent be directed to file the state court records of his successive postconviction petition proceedings. Petitioner asserts those records would demonstrate that:  (1) Petitioner complied with all statutory rules governing his successive postconviction proceedings; and (2) the State did not comply with the applicable legal standard which involved Petitioner's claim of actual innocence.

Respondent filed a response objecting to the Motion to Produce, noting that

the existing record filed by Respondent on July 5, 2011–which included the state court orders denying Petitioner leave to file his successive postconviction petitions–conclusively demonstrates that Petitioner did not comply with the statutory rules governing the successive postconviction proceedings.

This Court agrees with Respondent that the existing record is sufficient to determine the timeliness of the Petition and whether equitable tolling should be applied. The Court notes that in addition to the documents filed by Respondent, Petitioner supported his response to the Motion to Dismiss with various documents from the successive postconviction proceedings including the following: the transcripts of the June 21, 2004 and April 22, 2005 hearings; the State's Motion to Strike; and Petitioner's response to the State's Motion to Strike. Because the record is sufficient, Petitioner's Motion to Produce is denied.

### III.  MOTION TO DISMISS

A.  Preliminary Matters and Motion for Sanctions

In his response to Respondent's Motion to Dismiss, Petitioner requested oral argument. Petitioner also requested oral argument in his Motion for Sanctions. Because oral argument is unnecessary, this Court denies Petitioner's request.

Petitioner also asserted in his response that Respondent failed to comply with this Court's May 20, 2011 Order by filing a Motion to Dismiss rather than an

answer to the Petition. Petitioner raised this issue again in his Motion for Sanctions.

Petitioner is correct that this Court directed Respondent to file an answer. Respondent's course of action–filing a Motion to Dismiss–was inappropriate. <u>See</u> <u>Sperow v. Walls</u>, 182 F.Supp.2d 695, 698 (C.D. Ill. 2002) (noting that when the court requests an answer, the court wants an answer, but nonetheless granting the motion because it was well-taken). However, because Respondent's Motion is dispositive of the case, this Court will consider it in the interests of judicial economy.

In his Motion for Sanctions, Petitioner further asserts that Respondent should be sanctioned because Respondent (1) improperly made rebuttal argument in support of his Motion to Dismiss in Respondent's response to Petitioner's Motion to Produce State Records and (2) twice misrepresented the relevant facts in relation to the procedural history of Petitioner's successive postconviction proceedings. Respondent did make rebuttal argument in his response to the Motion to Produce State Records. Respondent should have sought leave to file a reply, rather than make those additional arguments in response to the Motion to Produce State Records.

However, the Court found the additional information helpful and would have

granted Respondent leave to file a reply.  In addition, the Court finds Respondent

did not misrepresent the procedural history of the case.  Therefore, the Court will

not sanction Respondent, and Petitioner's Motion for Sanctions will be denied.

B.  Respondent's Motion to Dismiss

Respondent argues Petitioner's Petition is untimely under the one-year

statute of limitations set forth in 28 U.S.C. § 2254(d)(1) and should be dismissed.

Section 2244(d)(1) provides as follows:

> (1)    A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court. The limitation
> period shall run from the latest of–
>
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or
>> the expiration of the time for seeking such
>> review;
>>
>> (B) the date on which the impediment to
>> filing an application created by State action
>> in violation of the Constitution or laws of
>> the United States is removed, if the applicant
>> was prevented from filing by such State
>> action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on
>> collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

Respondent asserts that Petitioner's claims do not involve a state impediment to filing, a newly recognized and retroactive constitutional right, or a factual predicate that could not have been discovered through the exercise of due diligence prior to the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(B), (C), (D). Therefore, according to Respondent, the relevant date for starting the limitations period for filing the federal habeas petition is the date on which Petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Therefore, Respondent asserts Petitioner had until November 4, 2004, to file his federal habeas petition.

In his response, Petitioner does not dispute the applicable date for starting the limitations period is the date on which Petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). However, in his Petition, Petitioner had asserted

that his federal habeas petition was not untimely because he only recently

discovered and obtained evidence that substantiated his claims.  He also asserted

he attempted to raise his federal habeas claims in the State courts.   The one-year

time period begins to run under §2244(d)(1)(D) when the evidence could have

been discovered through diligent inquiry, not when it was actually discovered or its

significance realized.  Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001).

Petitioner knew the factual predicate of his claim–at the very latest–by 2008 when

the trial court denied his motion to reconsider and motion for leave to file a

successive postconviction petition.  Therefore, the federal habeas petition filed in

2011 was untimely even if Petitioner relies on § 2244(d)(1)(D).

Applying § 2244(d)(1)(A)–the relevant date for stating the limitations period

for filing the federal habeas petition is the date on which Petitioner's conviction

became final–Petitioner does he dispute that November 4, 2004, is the appropriate

deadline to have filed his federal habeas petition.  Instead, Petitioner argues

equitable tolling should apply to extend the deadline and render his federal habeas

petition timely.

1.    Calculation of the Statutory Deadline Shows That Deadline Was
      November 4, 2004, Absent Equitable Tolling

Respondent calculated the November 4, 2004, deadline as follows.

On April 1, 1998, the Illinois Supreme Court denied Petitioner's petition for leave to appeal the appellate court's order affirming Petitioner's conviction. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, Petitioner's conviction became final on June 30, 1998–90 days after the Illinois Supreme Court denied PLA–which gave Petitioner until June 30, 1999 to file his federal habeas petition. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (reaffirming prior case law holding that if no petition for writ of certiorari is filed, a conviction becomes final when the time to file a petition for writ of certiorari expires); Sup.Ct.R. 13 (a petition for writ of certiorari must be filed within 90 days after judgment is entered by a state court of last resort).

Respondent does note that Petitioner is entitled to tolling for the time Petitioner's first postconviction petition was pending. See 28 U.S.C. §2244(d)(2) (a properly filed State postconviction petition tolls the one-year period of limitation). Petitioner filed his first postconviction petition on September 24, 1998, and the Illinois Supreme Court denied PLA on January 28, 2004. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) ( "the statute of limitations is tolled only while state courts review" the postconviction petition and not during the pendency of a petition for certiorari). Therefore, the limitations period was tolled between September 24, 1998, and January 28, 2004.

However, Petitioner allowed 85 days to elapse between June 30, 1998–when the conviction became final–and September 24, 1998–when Petitioner filed his first postconviction petition.  Those 85 days did not toll the limitation period and count toward the one-year limitation period, meaning 85 days of the 365-day limitation period had run.  See Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008) (counting as untolled the time between the day the conviction became final and the petitioner filed his first properly filed postconviction petition).  That is, because petitioner had already allowed 85 days to run on his limitations period, he had 280 days left as of January 28, 2004–when the Illinois Supreme Court denied PLA on Petitioner's appeal of the denial of his postconviction petition–to file his federal habeas petition.   Petitioner had until November 4, 2004 (280 days after January 28, 2004) to file a timely federal habeas petition.  Petitioner's habeas petition filed May 3, 2011, is untimely unless the successive postconviction petition proceedings tolled the limitation period or equitable tolling applies.

     2.     The Successive Postconviction Petition Proceedings Did Not Toll the Limitation Period

Respondent asserts that Petitioner's successive postconviction petition proceedings, which occurred between February 6, 2004, through September 29, 2010, did not toll the limitations period.  This Court agrees with Respondent that

the one-year limitation period was not tolled during the pendency of Petitioner's successive postconviction proceedings.

Section 2244(d)(2) provides that the limitation period is tolled during the "time which a properly filed application for state post-conviction review or other collateral review . . . is pending." An application is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filing." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. Diuglielmo, 544 U.S. 408, 417 (2005).

Illinois law, after January 1, 2004, specifically required a petitioner to obtain leave to file a successive petition. 725 ILCS 5/122-1(f). Therefore, a successive petition is only "properly filed" if the state court granted permission to the petitioner to file it. Martinez v. Jones,556 F.3d 637, 639 (7th Cir. 2009) ("the period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted"), citing Tinker v. Hanks, 255 F.3d 444, 445-46 (7th Cir. 2001). Here, Petitioner was not given leave to file a successive postconviction petition. Petitioner seems to suggest some ambiguity exists whether he was granted leave to file the February 2004 successive postconviction petition because the trial court appointed counsel and gave Petitioner leave to

amend the petition. However, the trial court did not examine the merits of Petitioner's successive petition and only examined whether Petitioner had demonstrated cause and prejudice for filing the successive petition. See, e.g., Rice v. Bowen, 264 F.3d 698, 701 (7th Cir. 2001) (when determining whether a postconviction petition is properly filed, the federal courts look to how the state courts treated it; if the state courts considered the claims on the merits, then it was properly filed; if the petition was dismissed for procedural flaws, it was not properly filed); Johns v. Pierce, 2011 WL 573955, at *4 (C.D. Ill. 2011) (where it was unclear whether the trial court granted the petitioner leave to file a successive postconviction petition, the district court looked at how the trial court treated the claims).

In this case, the trial court never examined the merits of the successive postconviction petition and instead struck the successive petition on the basis that Petitioner had not shown cause and prejudice that would entitle Petitioner to file the successive petition. Therefore, the successive postconviction petition was not "properly filed" and the limitation period for filing the federal habeas petition was not tolled during the pendency of Petitioner's successive postconviction proceedings.

3. Equitable Tolling Does Not Apply.

Petitioner argues that equitable tolling should apply to toll the statute of limitation on his federal habeas petition.

The statutory limitation contained in §2244(d) is subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling saves an otherwise untimely habeas petition if the petitioner can establish: (1) he had been pursuing his rights diligently; and (2) some extraordinary circumstance prevented him from filing his petition on time.  Pace, 544 U.S. at 418.  "Equitable tolling is rarely granted."  Tucker, 538 F.3d at 734.  In this case, Petitioner has not show that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his federal habeas petition on time.

### a.      Petitioner's Belief That the Successive Petition was Timely Filed Does Not Warrant Equitable Tolling

Petitioner argues he is entitled to equitable tolling because he complied with all rules for filing a successive postconviction petition and he reasonably believed the successive petition was properly filed.  In support thereof, Petitioner asserts that he complied with the procedural rules for submitting a successive petition as the law existed on February 6, 2004.

This Court does not understand Petitioner's argument that he complied with

the procedural rules for submitting a successive postconviction petition. As of January 1, 2004, Petitioner had to obtain leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f). The trial court denied Petitioner leave to file. Although the court denied leave after the November 4, 2004 deadline for filing the federal habeas petition, a State court's delay in ruling on that a state court postconviction action has no bearing on the reasonableness of the petitioner's conduct. See Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004) (but also noting that the petitioner filed the state court postconviction petition only 20 days before the deadline for seeking federal habeas corpus would expire).

Similarly, any lack of clarity regarding the appropriate deadline for filing the §2254 petition would not warrant equitable tolling because, if the deadline is unclear, the party should "file by the earliest possible deadline, not the latest." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (rejecting argument that equitable tolling should apply because deadline for filing the §2255 petition was unclear). In addition, even if Petitioner was ignorant of the law regarding successive petitions or the deadline for filing his federal habeas petition, such ignorance does not entitle him to equitable tolling. See Williams, 390 F.3d at 963 ("It should be obvious that an untimely petition would not toll a statute of limitations; and while that might not be obvious to an unrepresented prisoner, even

reasonable mistakes of law are not a basis for equitable tolling"); Gaetz, 2011 WL 336143, at *4 (noting that even if the petitioner had argued he was ignorant of the fact that his successive petition would not toll the limitation period, such ignorance of the law or of the limitation period would not warrant equitable tolling).

Petitioner also points to the trial court's actions of appointing Petitioner counsel and letting Petitioner amend the successive petition as evidence of his "reasonable belief" that his successive postconviction petition was properly filed when the November 4, 2004 deadline for filing his federal habeas petition arrived. However, even if Petitioner reasonably believed that, as of November 4, 2004, his successive petition was properly filed, and even if this entitled Petitioner to equitable tolling, the trial court struck the petition on July 27, 2005. Petitioner offers no explanation as to why he waited until May 3, 2011 to file his federal habeas petition. See Gaetz, 2011 WL 336143, at *5 (equitable tolling was not warranted where the petitioner offered "no explanation as to why, after the state trial court denied his request for leave to file his successive postconviction petition, he did not then immediately file a petition for habeas relief in federal court").

Moreover, a petitioner must show he acted with reasonable diligence during the entire period of time he seeks to have tolled. See Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000); Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (the

petitioner must show diligence in attempting to file after the extraordinary circumstances began; if he does not do so, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing").

Here, Petitioner seeks to toll the time between November 4, 2004–when the federal habeas petition was otherwise due–and May 3, 2011, when he filed the federal habeas petition. Even assuming Petitioner is entitled to equitable tolling for some amount of the time while he believed his successive petition was properly filed, Petitioner fails to show due diligence after the trial court explicitly denied him leave to file a successive petition on July 27, 2005. See Gaetz, 2011 WL 336143, at *5 (although Petitioner was consistently pursing relief in the state courts, he offered no explanation that would excuse his delay in filing the federal habeas petition after the state courts denied him leave to file his successive postconviction petition). Even after July 27, 2005, Petitioner waited over five years to file his federal habeas petition. See, e.g., United States v. Bowen, 2006 WL 1519334 , at *3 (N.D. Ill. 2006) (even assuming some portion of the 18-month time period could be tolled, the petition was still barred because the petitioner allowed even more time to pass before filing his federal habeas petition); Cox v. Edwards, 2003 WL 22221059, at *4 (S.D.N.Y. 2003) (noting that even if certain

events tolled a portion of the time, the federal habeas petition was still barred due to the nearly three-year period when the petitioner did not have a basis for equitable tolling; "[e]quitable tolling does not provide an indeterminate amount of time" to file); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Pace</u>, 544 U.S. 408, 419 (noting that the petitioner not only sat on his rights for years before filing his state postconviction petition but waited five more months after the postconviction proceedings became final before seeking relief in federal court; the court found the petitioner's lack of diligence precluded equitable tolling).

This Court also notes that Petitioner could have filed a "protective" habeas petition in federal court. <u>See</u> <u>Pace</u>, 544 U.S. at 416 (a petitioner can avoid a potential federal habeas time bar by filing a protective habeas petition and asking the federal court to "stay and abey the federal habeas proceedings until state remedies are exhausted"). Petitioner disputes that he could have done so, noting that the Supreme Court did not recognize protective petitions until 2005. However, the Seventh Circuit recommended that practice as early as 2001. <u>See</u> <u>Johnson v. McCaughtry</u>, 265 F.3d 559, 565 (7th Cir. 2001), citing <u>Pizzo v. Bekin Van Lines, Co.</u>, 258 F.3d 629, 635 (7th Cir. 2001). For all these reasons, Petitioner is not entitled to equitable tolling on the basis that he "reasonably believed" that his successive petition was properly filed.

### b. Equitable Estoppel Does Not Apply

Although Petitioner does not explicitly argue that equitable estoppel should apply, he does argue that the State was somehow at fault for Petitioner's delay in filing his federal habeas petition because the State failed to comply with State procedural rules. Equitable estoppel can, in appropriate circumstances, apply to a statute of limitations in a habeas case. Socha v. Pollard, 621 F.3d 667, 672 (7th Cir. 2010); see also Balsewicz v. Kingston, 425 F.3d 1029, 1033-34 (7th Cir. 2005) (equitable estoppel "may apply to § 2244 only where the doctrine's operation would not conflict with the specific tolling provisions of § 2244(d)"). Equitable estoppel "addresses conduct by the defendant that prevents the plaintiff from suing within the statutory period." Williams, 390 F.3d at 959.

Here, Petitioner has not and cannot point to any affirmative conduct by the State that prevented him from filing a timely federal habeas petition. See, e.g., Powell v. Davis, 415 F.3d 722 (7th Cir. 2005) (rejecting the argument that the State was estopped from raising a statute of limitations defense where the State waited two years before raising the issue that the postconviction petition in question was an unauthorized successive petition because there was no evidence of affirmative misconduct by the State).

### c. Petitioner's Independent and Adequate State Ground Argument

**Is Inapplicable**

Petitioner also appears to argue that Respondent relies on an independent and adequate state ground to bar this Court's review of Petitioner's claim. Petitioner asserts that the independent and adequate state law doctrine should not apply where the rule is not proclaimed in advance, not regularly followed, or where application of the State law doctrine is suprising, unanticipated, and not foreseeable.

"Whether the state court's decision was based on adequate and independent grounds relates to whether a habeas petition claim is procedurally defaulted." United States ex rel. Smith v. Rednour, 2010 WL 4363380, at *7 (N.D. Ill. 2010); Coleman v. Thompson, 501 U.S. 722, 729 (1991) (the independent and adequate state ground doctrine bars "federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"). "Whether a claim was decided based on adequate and independent state grounds is not determinative as to whether the habeas petition was timely filed or whether equitable estoppel should be applied; it applies only as a possible procedural bar." Rednour, 2010 WL 4363380, at *7 (wherein the petitioner had argued the state court's denial of his late notice of appeal was "unexpected and freakish"). Therefore, Petitioner is not entitled to equitable estoppel on this basis.

**d.     Petitioner's Actual Innocence and Miscarriage of Justice
Argument Does Not Warrant Tolling**

Finally, Petitioner asserts that, when the State filed the Motion to Strike the

successive postconviction petition, Petitioner asked the trial court to review his

claims to prevent a miscarriage of justice.  Petitioner claims the trial court and

reviewing courts did not address his miscarriage of justice claim.  Petitioner asks

this Court to apply equitable tolling to correct a miscarriage of justice because he is

actually innocent.

"[T]he Seventh Circuit has held that actual innocence cannot be used to cure

an untimely petition." Dixon v. Gaetz, 2010 WL 3199692, at *2 (N.D. Ill. 2010),

citing Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005).  This is because

"'actual innocence' is unrelated to the statutory timeliness rules." Escamilla, 426

F.3d at 871, citing Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004); see also

Boyd v. United States, 2009 WL 2474652, at *4 n.6 (E.D. Wis. 2009) ("A claim of

actual innocence is not a freestanding exception to the time limits for habeas

actions"); see also Hulick, 2010 WL 1541637, at *5 (holding that "[b]ecause the

State moves to dismiss [the petitioner's] habeas petition as untimely whether or not

his claims are procedurally barred, the 'fundamental miscarriage of justice'

exception is of no use to him").

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added); <u>see</u> <u>also</u> <u>Jimenez</u>, 555 U.S. at 118 n.3. This Court concludes that jurists of reason would not find it debatable whether Petitioner's Petition should be dismissed as untimely.

## V. CONCLUSION

For the reasons stated, Petitioner's Motion to Produce State Court Records (d/e 16) and Motion for Sanctions (d/e 18) are DENIED. Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Untimely (d/e 11) is GRANTED and Petitioner's Petition (d/e 1) seeking habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time barred by the one-year statute of limitations. A certificate of appealability is DENIED.

SO ORDERED.   CASE CLOSED.

ENTER:  August 23, 2011

FOR THE COURT:


_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE